UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRALLAN A. PEREZ ALARCON,<br><br>Petitioner,<br><br>-v-<br><br>IMMIGRATION (DHS) et al.,<br><br>Respondents. | : | 26-CV-6357 (JMF)<br><br>STAY OF REMOVAL AND NOTICE OF CONFERENCE (IMMIGRATION CASES) |

JESSE M. FURMAN, United States District Judge:

Petitioner, proceeding without counsel, has filed a Petition for the writ of habeas corpus under 28 U.S.C. § 2241. The Court, having examined the Petition, hereby ORDERS that:

(1) Within **three business days of the date of this Order**, Respondents shall file a letter with the following information:

a. whether Petitioner was, as the Petition alleges, *see* ECF No. 1, at 1, located in the Southern District of New York at the time that the Petition was filed and, if not, what District Petitioner was in at the time of filing and whether the Petition should be immediately transferred to that District, *see, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025);

b. Petitioner's A-number, current place of detention, and a contact person who can facilitate prospective counsel's access to Petitioner;

c. the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

d. a copy of any final order of removal; and

e. any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.

(2) Unless and until the Court orders otherwise, Respondents shall file any opposition to the Petition no later than **August 10, 2026**; and

(3) Unless and until the Court orders otherwise, Petitioner shall file any reply no later than **August 24, 2026**.

To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-01935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a habeas petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205-WJM-STV, 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

All counsel are required to register promptly as filing users on ECF. **All counsel must familiarize themselves with the Court's Individual Rules, which are available at http://nysd.uscourts.gov/judge/Furman.** Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

Pursuant to the Court's Individual Rules and Practices in Civil *Pro Se* Cases, a copy of which is attached to this Order, all communications with the Court by a *pro se* party — including the aforementioned letter — should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to Pro_Se_Filing@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); or (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.[1] No documents or court filings should be sent directly to Chambers. Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

If this case has been settled or otherwise terminated, the parties are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original

[1] In the alternative, the Court's Individual Rules and Practices provide instructions for delivering communications to the *Pro Se* Intake Unit by hand. Additionally, as noted in the Court's Individual Rules and Practices, a *pro se* party may move for leave to participate as an ECF filer; if granted leave, the *pro se* party can file documents on ECF.

date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless the parties are notified that the conference has been adjourned, it will be held as scheduled.

The Clerk of Court is directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: July 27, 2026
New York, New York

JESSE M. FURMAN
United States District Judge