UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRALLAN A. PEREZ ALARCON,

Petitioner,

-v-

IMMIGRATION (DHS) et al.,

Respondents.

26-CV-6357 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

On July 24, 2026, Petitioner Brallan A. Perez Alarcon, who is detained by immigration authorities, filed a *pro se* Petition for the writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In a response, the Government indicated that it "would not oppose the limited relief of a burden-shifted bond hearing." ECF No. 13. On that basis, the Court granted the Petition and ordered the immigration court "to hold an individualized bond hearing at which the burden is on the Government to show, by clear and convincing evidence, the need for Petitioner's continued detention and the [immigration judge] is required to consider his ability to pay and alternative means of assuring his appearance." ECF No. 15, at 1. The Court reserved judgment on whether Alarcon was entitled to immediate release and invited further briefing on that issue "[i]n the event the burden-shifted bond hearing does not result in his release." *Id.* at 1-2. Pursuant to the Court's Order, an immigration judge held a bond hearing on August 31, 2026, after which it denied Alarcon bond. *See* ECF No. 17-1 ("IJ Decision"). On September 15, and September 30, 2026, Alarcon filed letters arguing that he is nonetheless entitled to immediate release. *See* ECF Nos. 19-20, 23. The Government opposes Alarcon's request. *See* ECF No. 21.

As the Government argues, *see id.* at 2 n.1, district courts are generally barred from

reviewing immigration judges' bond determinations, *see, e.g.*, *G.F.F. v. Francis*, No. 25-CV-7368 (JGK), 2026 WL 924072, at *3 (S.D.N.Y. Apr. 4, 2026); *see also, e.g.*, *Arana v. Barr*, No. 19-CV-7924 (PGG) (DCF), 2020 WL 2094098, at *7 (S.D.N.Y. May 1, 2020) ("A district court must be mindful of its obligation . . . not to overstep its bounds and set aside an immigration judge's bond determination on discretionary or evidentiary grounds." (cleaned up)). But this bar does not extend to ensuring that the immigration judge here complied with the Court's order. *See, e.g.*, *G.F.F.*, 2026 WL 924072, at *3 ("In reviewing a motion to enforce, the Court's task is narrow: it is to determine whether the Government complied with this Court's order, not to review the hearing evidence *de novo*." (cleaned up)). Nor does it apply to "*de novo* questions of law and constitutional claims raised in challenges to the *adequacy* of a bond proceeding." *C.A.R.R. v. Genalo*, No. 26-CV-4284 (DEH), 2026 WL 2410120, at *4 (S.D.N.Y. Aug. 18, 2026). Here, the immigration judge properly placed the burden on the Government to show by clear and convincing evidence that Alarcon was a risk of flight or danger to the community. *See* IJ Decision 2-4. But the immigration judge expressly declined to consider Alarcon's ability to pay and alternative means of assuring his appearance. *See* IJ Decision 4 n.2. Given the plain terms of this Court's Order granting the Petition, this was error.

Moreover, although the Court's prior Order could admittedly have been clearer on this score, due process requires that the immigration judge consider the ability to pay and alternatives to detention in evaluating *both* risk of flight *and* dangerousness. *See, e.g.*, *Arana*, 2020 WL 2094098, at *2 ("The Constitution compels consideration of ability to pay and alternatives to detention." (cleaned up)); *see also, e.g.*, *D.C. v. Noem*, 825 F. Supp. 3d 309, 326 (S.D.N.Y. 2026) (pointing out the "heavy weight of recent case law" confirming that "due process requires an immigration judge to consider alternatives to detention when evaluating whether Petitioner

poses a danger to the community" (internal quotation marks omitted)); *Beltran Marroquin v. Genalo*, No. 24-CV-6376 (MGG), 2025 WL 3241161 (MMG), at *3-4 ("[N]umerous courts in this district have found that failing to consider alternatives to detention when assessing dangerousness violates an individual's due process rights."). Accordingly, the Court concludes that the immigration judge's failure to weigh Alarcon's ability to pay and alternatives to detention in reaching a bond determination rendered Alarcon's bond hearing constitutionally deficient. *See D.C.*, 825 F. Supp. 3d at 326-27.

In light of the foregoing, the immigration court is ORDERED to either reopen Alarcon's bond hearing to consider his ability to pay and alternatives to detention or, if necessary, hold a new bond hearing consistent with this Memorandum Opinion and Order and the Court's August 20, 2026 Order. No later than **October 21, 2026**, the Government shall file a letter with the Court certifying that Alarcon has received such a bond hearing and the results of the hearing. In the event that the immigration judge does not allow for release, Alarcon shall file any brief in support of his position that immediate release is the appropriate form of relief no later than **November 4, 2026**. In that event, the Government shall file any opposition no later than **November 12, 2026**, and Alarcon shall file any reply no later than **November 19, 2026**.

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Alarcon.

SO ORDERED.

Dated: October 7, 2026
New York, New York

JESSE M. FURMAN
United States District Judge